IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE IMEL on Behalf of Herself and All Others Similarly Situated, | Class & Collective Action |
| Plaintiffs, | |
| vs. | CAUSE NO. 1:23-cv-1210 |
| ANDERSON REHABILITATION AND HEALTHCARE CENTER, LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

This is a proposed collective action brought on behalf of all former and current hourly workers of Defendants ("the Class" and "the Collective Class") against Defendant, Anderson Rehabilitation and Healthcare Center, LLC ("ARHC").

### I. Parties

1. Each member of the Class and Collective Class is or was an hourly employee of ARHC at all times relevant to this action.

2. Plaintiff, Mrs. Imel, is a resident of Alexandria, Indiana.

3. Defendant, ARHC, is a limited liability company with a facility in Anderson, Indiana.

### II. Jurisdiction and Venue

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the

Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

5. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

6. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant doing business in this District.

### III.    Class Action Allegations

7. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were hourly employees of ARHC ("the Collective Class").

8. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as hourly employees of ARHC ("the Hourly Class").

9. The members of the Hourly Class and Collective Class were paid on an hourly basis.

10. The members of the Hourly Class and Collective Class had time deducted from their hours worked which resulted in unpaid regular or overtime hours.

11. The members of the Hourly Class and Collective Class were paid on a bi-weekly basis.

12. While the members of the Collective Class were paid overtime premiums for hours worked beyond 40 hours in a workweek, the members of the Collective Class were not paid overtime wages for all overtime hours worked because Defendants would subtract working time from their weekly hours worked.

13. The members of the Hourly Class and Collective Class were not paid in the correct amount resulting in unpaid regular wages and underpaid overtime wages.

14. Defendant willfully failed to pay members of the Collective Class the correct overtime wages.

15. Defendant lacked a good faith reason for failing to pay the Hourly Class the correct regular wages.

16. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class and/or collective action. The names, contact information, and relevant documentation of members of the classes should be in the business records of ARHC. Notice may be provided to members of the classes or their personal representatives via first class mail and e-mail addresses using techniques and a form of notice similar to those customarily used in class actions.

### IV.    Factual Allegations

17. Mrs. Imel began working for ARHC on or about June 26, 2021.

18. Mrs. Imel initially began working for ARHC as a CNA.

19. Mrs. Imel eventually became a QMA for ARHC.

20. Mrs. Imel was paid on an hourly basis at all times relevant to this lawsuit.

21. Mrs. Imel was paid on a bi-weekly basis at all times relevant to this lawsuit.

22. Mrs. Imel was not paid at the appropriate hourly wage rate for hours worked for ARHC.

23. Mrs. Imel was not paid for all hours that she worked.

24. Mrs. Imel was not paid all the regular wages due and owing.

25. Mrs. Imel was not at the correct amount some of her overtime hours.

26. Mrs. Imel was not paid for all overtime hours that he worked.

27. Mrs. Imel seperated her employment with ARHC on or about January 23, 2023.

28. The wage claim of Plaintiff was referred to proposed Class Counsel by the Attorney General's Office in conjunction with the Department of Labor.

## Count I - Collective Action
## Failure to Properly Pay Overtime Wages
## Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

29. Plaintiffs incorporate paragraphs 1 through 28 by reference herein.

30. Plaintiff and the members of the Collective Class are or were employees of ARHC pursuant to the FLSA.

31. ARHC is an employer pursuant to the FLSA.

32. Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

33. ARHC had gross revenues of at least $500,000.00 for the 2020 calendar year.

34. ARHC had gross revenues of at least $500,000.00 for the 2020 calendar year.

35. ARHC had gross revenues of at least $500,000.00 for the 2021 calendar year.

36. ARHC had gross revenues of at least $500,000.00 for the 2022 calendar year.

37. Plaintiff and the members of the Collective Class have been damaged by Defendant's violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiffs and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs and the members of the Collective Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

RILEY CATE, LLC

/s/ Keith L. Hancock
Keith L. Hancock, Atty No.26397-49

**Count II - Class Actions**
**Failure to Properly Pay Wages**
**Pursuant to the Wage Payment Statute, I.C. §22-5-1** *et. seq.*

38. Plaintiff incorporates paragraphs 1 through 37 by reference herein.

39. Plaintiff and the members of the Hourly Class were not paid all of their regular hours worked during their employment.

40. Plaintiff and the members of the Hourly Class were not paid all of their regular hours at the correct amount.

41. Plaintiff and the members of the Hourly Class have been damaged by ARHC's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff and the members of the Hourly Class pray that the Court:

A. Enter an award for Plaintiffs for the actual wages owed with interest as permitted by the Wage Payment Statute.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

RILEY CATE, LLC

*/s/ Keith L. Hancock*
Keith L. Hancock, Atty No.26397-49

### Count II – Individual Claim
### Failure to Properly Pay Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

42. Plaintiff incorporates paragraphs 1 through 41 by reference herein.

43. Plaintiff was not paid for all of the overtime hours that she worked for Defendant.

44. Plaintiff was not paid at the correct amount for the overtime hours that she worked.

45. Plaintiff has been damaged by Defendant's violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

    A.    Enter an award for Plaintiffs for the actual overtime wages owed with interest as permitted by the FLSA.

    B.    Enter an award for liquidated damages with interest as permitted by the FLSA.

    C.    Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

    D.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

RILEY CATE, LLC

*/s/ Keith L. Hancock*

Keith L. Hancock, Atty No.26397-49

### Count IV – Individual Claim
### Failure to Properly Pay Wages
### Pursuant to the Wage Claims Statute, I.C. §22-9-1 *et. seq.*

46.    Plaintiff incorporates paragraphs 1 through 45 by reference herein.

47.    Plaintiff was not paid all of her regular hours worked during her employment.

48.    Plaintiff was not paid at the correct rate for her regular hours worked during her employment.

49.    Plaintiff has been damaged by ARHC's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiffs for the actual wages owed with interest as permitted by the Wage Claims Statute.

B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

RILEY CATE, LLC

*/s/ Keith L. Hancock*
Keith L. Hancock, Atty No.26397-49

## IV.  Jury Demand

50. Plaintiff incorporates paragraphs 1 through 49 by reference herein.

51. Plaintiff demands a trial by jury.

Respectfully submitted,

RILEY CATE, LLC

*/s/ Keith L. Hancock*
Keith L. Hancock, Atty No.26397-49
Proposed Classes & Collective Action Counsel

RileyCate, LLC
11 Municipal Drive, Suite 320
Fishers, IN 46038
317-588-2866
khancock@rileycate.com